UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 OCT 14  P 3:37

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES OF AMERICA )
)
v. ) CRIMINAL NO. 04-10266-RWZ
)
MARCIA FERREIRA DE ALMEIDA )

### United States' Sentencing Memorandum

The United States hereby submits the following memorandum regarding sentencing in the above-captioned matter. The issues addressed herein were raised at the Rule 11 hearing held on Thursday, October 14, 2004. Because sentencing has been scheduled for 9:00 am on Monday, October 18, 2004, the United States submits this written memorandum today for purposes of expediency.

### Statement of Relevant Facts

At the Rule 11 hearing on October 14, 2004, both parties agreed that the defendant's Guidelines sentencing range is 10-16 months imprisonment. Because the sentencing range is in Zone C, defense counsel requested, and the Court indicated that it was willing to impose, a sentence of 10 months home detention. The United States respectfully submits that such a sentence in not authorized under the Guidelines or under First Circuit case law.

Argument

Section 5C1.1 of the Guidelines provides that, where, as here, the applicable guidelines range is in Zone C of the Sentencing Table, the minimum term may be satisfied by:

> a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in subsection (e), <u>provided that at least one-half the minimum term is satisfied by imprisonment</u>.

U.S.S.G. § 5C1.1(d)(2)(emphasis added). In <u>United States v. Cintron-Fernandez</u>, 356 F.3d 340, 346-48 (1st Cir. 2004), the First Circuit squarely addressed the issue of whether a district court has authority, under the Guidelines, to substitute home detention in lieu of incarceration for the first one-half of a Zone C sentence. The First Circuit explicitly held that such a sentence is illegal, because it "fails to meet the guideline requirement that 'at least one-half of the minimum term [here ten months] is satisfied by imprisonment.'" <u>Id.</u> at 347 (quoting U.S.S.G. 5C1.1(d) & (e)). According to the First Circuit, for purposes of Section 5C1.1, "the minimum half term of 'imprisonment' cannot be satisfied by home detention or by community confinement," both of which are considered "substitute punishments" rather than different forms of imprisonment. The First Circuit referred to this holding as recently as September, in <u>United States v. Goldings</u>, 383 F.3d 17 (1st

Cir. 2004) (declining to extend definition of imprisonment under 5C1.1 to the issue of whether the Bureau of Prisons may use its discretion to designate a community correction center as a place of imprisonment under 18 U.S.C. § 3621(b)).

In the case at bar, the low end of the Guidelines Range calls for a sentence of ten months. Accordingly, the United States submits that the defendant should be sentenced to ten months in custody, at least five of which must be served in prison.[1]

---

[1] Of course, if appropriate, the Bureau of Prisons will give the defendant credit for time served under 18 U.S.C. § 3585(b). See United States v. Wilson, 503 U.S. 329, 331-337 (1992)(holding that § 3585(b) does not authorize a district court to compute credit for time served at sentencing, rather, it is the Attorney General who computes the amount of the credit after the defendant has begun to serve his sentence).

## Conclusion

For the foregoing reasons, the United States respectfully requests that the Court sentence the Defendant to ten months in custody, of which at least five months must be served in prison.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                  By:   /s/ Dena T. Sacco
                            Dena T. Sacco
                            Assistant U.S. Attorney

October 14, 2004


### CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by facsimile and First Class Mail, postage prepaid:

        Charles McGinty
        Federal Defender Service
        408A Atlantic Avenue
        Boston, MA 02210

This 14th day of October, 2004.

                            /s/ Dena T. Sacco
                            Dena T. Sacco
                            ASSISTANT UNITED STATES ATTORNEY